IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**OUR COASTAL VILLAGE, INC.**, an
Oregon public benefit corporation,

    Plaintiff,

v.

**WNC & ASSOCIATES, INC.**, a
California corporation,

    Defendant.

Civ. No. 6:17-cv-000385-MC

ORDER

**MCSHANE, Judge**:

    Plaintiff moves for a preliminary injunction to require defendant to perform on a Letter of Understanding (LOU) (ECF No. 5). Defendant argues that a preliminary injunction is not appropriate. This Court agrees with defendant and plaintiff's motion for a preliminary injunction (ECF No. 5) is **DENIED**.

1 –ORDER

# BACKGROUND

Plaintiff, Our Coastal Village, Inc. (OCV), is a non-profit corporation whose mission is to provide affordable housing to low income workers in Yachats, Oregon. OCV began developing an affordable housing community known as Fisterra Gardens Townhomes (the Project). OCV sought financing from defendant, WNC & Associates, Inc. (WNC), through the purchase of Low Income Housing Tax Credits (LIHTCs). On September 16, 2016, OCV and WNC entered into a LOU under which WNC retained the exclusive rights to consider a $1.7 million dollar equity financing deal for forty-five days. The equity financing was calculated at $0.92 of each dollar of available LIHTCs.

On October 3, 2016, WNC's Investment Committee (the Committee) approved the Project to proceed to the Introduction phase, the first of a four-stage review process. On November 22, 2016, the Committee conducted Stage I review of the Project and noted concerns about operating expenses and the pricing structure of the apartments. Due to these concerns, the Committee voted to reject the project unless OCV agreed to pay for a market study.

On January 16, 2017, OCV and WNC had a conference call during which WNC notified OCV that it had concerns about the financial viability of the Project. WNC indicated that it felt the Project was no longer feasible, and it terminated the LOU.

OCV states that, since January 16, 2017, it has continued to keep WNC updated about project developments for the due diligence review of the project and OCV has continued to work to fulfill the conditions precedent to WNC's capital investment as detailed in the LOU. They believe the LOU is binding, and seek a preliminary injunction from this Court to enforce it.

## STANDARD OF REVIEW

A preliminary injunction under FRCP 65 is "'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). The party seeking injunctive relief must show that (1) it "is likely to succeed on the merits;" (2) it "is likely to suffer irreparable harm in the absence of preliminary relief;" (3) the equities are balanced in its favor; and (4) "an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Under the alternative "'serious questions'" articulation of this standard, the movant must establish (1) a likelihood of irreparable harm, (2) that the injunction is in the public interest, (3) serious questions going to the merits that cannot be preliminarily resolved at the motion hearing, and (4) that the balance of hardships tips sharply in the plaintiff's favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). While a stronger showing of irreparable harm may offset a weaker showing of likelihood of success on the merits, a preliminary injunction is never appropriate upon a showing of a mere possibility of irreparable harm. *Id* at 22. The burden on plaintiff is more demanding for a mandatory injunction, such as the one plaintiff requests here, because "the facts and law [must] clearly favor the moving party." *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

## DISCUSSION

Plaintiff has not met its burden of clearly showing likelihood of success on the merits, nor has it clearly shown a likelihood of irreparable harm. As a result, plaintiff is not entitled to a preliminary injunction.

First, plaintiff has not established that it is likely to succeed on the merits because the facts on the record here do not clearly favor plaintiff's assertion that the LOU is legally binding. Even if the LOU has some binding effect, there is not enough in the record for the Court to determine whether defendant breached any duties that may have arisen under the LOU.

Second, plaintiff has not established that it will suffer irreparable harm absent an injunction because all of the harm that plaintiff has asserted is speculative. Plaintiff has only asserted that it will possibly lose the ability to purchase the plot of land at issue. Plaintiff also asserts that the reputation and goodwill of OCV will be negatively impacted if the deal falls through and that it might be obligated to pay back third party grants already spent on project costs. All of these assertions of harm are speculative and are not enough to clearly establish a likelihood of irreparable harm.

Finally, a mandatory injunction, such as the one plaintiff requests here, is not granted "unless extreme or very serious" harm that is not capable of compensation in damages will result absent the injunction. *Marilyn Nutraceuticals v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir.2009). Plaintiff has not established whether or not the claim can be adequately compensated in damages, which further supports the denial of the mandatory injunction OCV seeks.

## **CONCLUSION**

Because the evidence on the record does not clearly demonstrate that plaintiffs are likely to succeed on the merits, that irreparable harm is likely, or that its harm cannot be compensated in damages, the plaintiff's motion for a preliminary injunction (ECF No. 5) is **DENIED**.

IT IS SO ORDERED.

Dated this 20th day of April, 2017.

                                                                  Michael McShane
                                            United States District Judge